DANIEL SOUTH, JOHN W. STOUFFER, JACOB FIERY, DANIEL MIDDLEKAUFF, SENIOR, AND JOHN A. K. BREWER, PLAINTIFFS IN ERROR, *v.* THE STATE OF MARYLAND, USE OF JONATHAN W. POTTLE.

Where, in an action upon a sheriff's bond, the declaration did not charge the sheriff with a breach of his duty in the execution of any writ or process in which the real plaintiff was personally interested; but with a neglect or refusal to preserve the public peace, in consequence of which the plaintiff suffered great wrong and injury from the unlawful violence of a mob; the declaration did not set forth a sufficient cause of action against the sheriff and his sureties.

The powers and duties of a sheriff explained; and the difference pointed out between his ministerial and judicial functions.

It is only for a breach of his duty in the execution of the former, that the sheriff and his sureties are liable upon his bond, and the declaration in this case does not set out such a breach.

THIS case came up by writ of error from the circuit court of the United States for the District of Maryland, having been tried in that court by the late Judge Glenn, district judge.

It was an action brought in the name of the State of Maryland by Pottle upon a sheriffs' bond given by South with the other plaintiffs in error as sureties. Under the instructions of the court below, the verdict and judgment were for the plaintiff. Being brought to this court, by writ of error, it was argued at a former term, and was ordered to be reargued and the following questions suggested for discussion:—

1. Whether or not, the declaration contains a cause of action entitling the plaintiff (Pottle) to recover against the sheriff and his sureties within the condition of the official bond, according to the laws of the State of Maryland?

2. Whether or not, the sheriff, as conservator of the public peace, is liable to a civil action for an injury to the person or property of an individual, from a riotous assembly or mob, according to any law of the State of Maryland, if it should appear said sheriff unreasonably omitted or neglected to exert his authority to suppress it?

3. Whether or not the sheriff, as conservator of the public peace, is liable to the plaintiff in an execution, attending personally upon the levy or sale under it, for an injury to his person or property from a riotous assembly or mob, according to any law of the State of Maryland, if it should appear that said sheriff unreasonably omitted or neglected to exert his authority to suppress it?

4. Whether or not, on the case last stated, the sheriff would be liable to the plaintiff in the execution, if he desisted in good faith from the exertion of his authority at the instance and request of said plaintiff, while in the hands of the mob, from an

apprehension of greater bodily injury if an effort should be made to suppress it?

It was again argued at this term by *Mr. Nelson*, for the plaintiffs in error, and by *Mr. Dobbin* and *Mr. Johnson*, for the defendant.

As the case turned upon the sufficiency of the declaration, which sets out the case, it is thought proper to insert it, viz :—

### *Narr.*

UNITED STATES OF AMERICA,
*District of Maryland, sct.*

Daniel South, John W. Stouffer, Jacob Fierey, Daniel Middlekauff, senior, and John A. K. Brewer, late of said district, citizens of the State of Maryland, were summoned to answer unto the State of Maryland, of a plea that they render unto the said State the sum of twenty-six thousand six hundred and sixty-six dollars and sixty-six and two third cents, which to the said State they owe, and from the said State unjustly detain : And whereupon the said State, by Dobbin and Talbott, its attorneys, complains that whereas the said defendants, on the seventeenth day of December, in the year eighteen hundred and forty-nine, at the district aforesaid, by their certain writing obligatory, sealed with their seals, and to the court now here shown, whose date is the day and year aforesaid, acknowledged themselves to be held and firmly bound to the said plaintiff in the just and full sum of twenty-six thousand six hundred and sixty-six dollars and sixty-six and two third cents, to be paid to the said plaintiff whenever afterwards they, the said defendants, should be thereto required, which said writing was and is subject to a certain condition thereunder written, to wit : That if the said Daniel South, as sheriff of Washington county, did and should well and faithfully execute the same office in all things appertaining thereto, and should also render to the several officers within the said State a just and true account of all fees placed in his hands for collection within the times limited by law, and should also well and truly pay all sums of money received by him, and also collect and pay all public dues, fines, and forfeitures, which are due or belonging to the State, and should also well and faithfully execute and return all writs, process, and warrants, to him directed and delivered, and should also pay and deliver to the person or persons entitled to receive the same all sum or sums of money, tobacco, goods, chattels, or property by him levied, seized, or taken, agreeably to the directions of the writ, process, or warrant under which the same should be levied and seized ; and should

also detain and keep in his custody all and every person and persons committed to his custody, or by him taken in execution, or who should be committed for the want of bail, without suffering them or any of them to escape or depart from his custody; and should also pay and satisfy all judgments which should or might be rendered against him as sheriff, and should also well and truly execute and perform the several duties required of and imposed upon him by the laws of said State, then the said obligation was to be void and of none effect, otherwise to remain in full force and virtue in law.

And the said plaintiff further saith, that the said Daniel South, at the time of making the writing obligatory aforesaid mentioned, and long before and thereafter, and at the time of, and after the committing the wrongs hereinafter complained of, was sheriff of Washington county, in the State aforesaid, duly elected, commissioned, and qualified, and by the duty of his office of sheriff aforesaid, and according to the tenor and effect of the condition of the writing obligatory aforesaid, ought to have preserved and maintained the peace of the State of Maryland, in the county of Washington aforesaid.

And the said plaintiff further saith, that a certain Jonathan W. Pottle, a citizen of the State of Massachusetts, in the indorsement of the writ original in this cause mentioned, at whose instance and for whose use the same is instituted, was, after the making of said writing obligatory; and during the time within which said Daniel was sheriff as aforesaid, to wit, on the twelfth day of June, in the year eighteen hundred and fifty, lawfully present in Washington county aforesaid, and engaged in and about his lawful business; and the said Daniel South, sheriff as aforesaid, was then and there also present with the said Jonathan W. Pottle, when certain evil-disposed persons came about the said Jonathan W. Pottle, and by force and arms hindered and prevented him in the execution of his lawful business, and threatened the life and personal safety of the said Jonathan W. Pottle, and with force and arms demanded of said Jonathan W. Pottle a large sum of money, the property of the said Jonathan W. Pottle, to wit, the sum of twenty-five hundred dollars, and then and there unlawfully and injuriously, and against the will of the said Jonathan W. Pottle, and also against the laws of the said State, and without any legal warrant, authority, or legal or justifiable cause whatsoever, did imprison, and detain so imprisoned there the said Jonathan W. Pottle for a long space of time, to wit, for the space of four days then next ensuing, and until he, the said Jonathan W. Pottle, had paid to the said evil-disposed persons the sum of two thousand five hundred dollars for his enlargement, and other wrongs to the said Jonathan W.

Pottle then and there did, to the great damage of the said Jonathan W. Pottle, and against the peace of the State of Maryland.

And the said Jonathan W. Pottle then and there applied to the said Daniel South, sheriff as aforesaid, then and there present, to protect and defend him, the said Jonathan, from the said unlawful conduct and threatened violence of the said evil-disposed persons, and to preserve and keep the peace of the State of Maryland, in Washington county aforesaid, the said Daniel South, sheriff as aforesaid, then and there having the power and authority so to do. But the said Daniel South, sheriff as aforesaid, did then and there neglect and refuse to protect and defend the said Jonathan from the said unlawful conduct and threatened violence of the said evil-disposed persons, and to preserve and keep the peace of the State of Maryland, in Washington county aforesaid; and so the said plaintiff saith that the said Daniel South did not well and faithfully execute the office of sheriff of Washington county, in all things appertaining thereto according to the form and effect of the condition aforesaid, to wit, at the district aforesaid, whereby the said writing obligatory became forfeited, by reason whereof an action hath accrued to the said plaintiff to demand and have of and from the said defendants the said sum of twenty-six thousand six hundred and sixty-six dollars and sixty-six and two third cents.

Nevertheless, the said defendants, although often requested, have not, nor hath either of them paid the said sum of money above demanded of them, or any part thereof, but so to do have hitherto wholly refused, and still do refuse, to the damage of the said plaintiff twenty thousand dollars; and thereupon it brings suit, &c.

DOBBIN AND TALBOTT,
*For plaintiff.*

*Mr. Nelson*, for the plaintiffs in error, made the following points, viz:—

1. That the declaration contains no cause of action entitling the plaintiff to recover against the sheriff and his sureties within the condition of the official bond, according to the laws of the State of Maryland.

2. That the sheriff, as conservator of the public peace, is not liable to a civil action for an injury to the person or property of an individual from a riotous assembly, or mob, according to any law of the State of Maryland, even if it should appear that said sheriff unreasonably omitted or neglected to exert his authority to suppress it. 1 Thomas's Coke, 81, 82; Comyn's Dig. tit. Viscount—authority of a sheriff (c. 1.); Watson's Sheriff, 2, 3; 1 Perry & Davidson, 297; Pitcher *v.* King, 2 Barnewall & Ald. 473; Hilary *v.* Breare and Holmes, 1 Moody & Malkin, 52; Tensley *v.*

Nassau, 7 State Trials, 442; 6 Howell, 1094; Soames *v.* Barrardister; 12 Coke, 24.

3. That the sheriff, as conservator of the public peace is not liable to the plaintiff in an execution attending personally upon. the levy or sale under it for an injury to his person or property from a riotous. assembly or mob, according to any law of the State of Maryland, even if it should appear that said sheriff unreasonably omitted or neglected to exert his authority to suppress it.

·. 4. That in the case last stated the sheriff would not be liable to the plaintiff in the execution, if he desisted in good faith from .the exertion of his authority at the instance and request of said plaintiff, while in the hands of the mob from an·apprehension of greater bodily injury if an effort should be made to suppress it. 6. Barn. & Cress. 739, Cook and others *v.* Palmer;  8 Barn. & Cress. 598; 7 Missouri, 536; 13 Ibid. 437.

5. That however true it may be as a general proposition, that the sheriff is responsible for the acts and omissions of his deputy, yet that in this case no such responsibility exists, because, by his declaration, the plaintiff charged no such acts or omissions.

.6. That there was error in the instruction given by the court below; because it took from the jury the inquiry whether the omission of the sheriff to exert his authority to suppress the riot, was unreasonable or otherwise.

*Mr. Dobbin* and *Mr. Johnson*, for the defendant in error, made the following points, viz:—

1. That the sheriff, South, was *virtute officii*, the conservator of the peace of the State. Dalton on Sheriff, 26; Com. Dig. Sheriff, C. a, C. 1, C. 2; 2 Hawk, P. C. c. 8, § 4; Cro. Car. 27; 8 Bac. Abr. 689, tit. Sheriff, L.

2. That, as sheriff, he was responsible for the acts and omissions of his deputies; and that, whether· so or not, South, the high sheriff, having been present during two days of the riot, became responsible for all omissions of his official duty after such presence. Dalton, 176; 8 Bac. Abr. 675; 2 McLean, 193; 6 Shep. 277; 2 App. 93.

3. That the sheriff's official bond, which is here the subject of suit, is liable: for every failure on his part to faithfully execute his office of sheriff in any thing appertaining thereto, and· that his failure to protect and relieve Pottle was a breach of the condition of the bond, upon which a right of action accrued to Pottle against the sheriff and his sureties. 1 Pet. 46; 12 Pick. 303; 6 Wend. 454.

4. That the sheriff, having permitted the said unlawful duress of imprisonment to be made and continued, is not discharged from

liability therefor by any declaration made by Pottle during such duress.

Mr. Justice GRIER delivered the opinion of the court.

In this case a verdict was rendered for the plaintiff in the court below, and the defendant moved, in arrest of judgment, "that the matters set out in the declaration of the plaintiff are not sufficient, in law, to support the action." If it be found that the court erred in overruling this motion and in entering judgment on the verdict, a consideration of the other points raised on the trial will be unnecessary.

The action is brought on the official bond of South, as sheriff of Washington county. The declaration sets forth the condition of the bond at length. The breach alleged is, in substance, "that while Pottle was engaged about his lawful business, certain evil-disposed persons came about him, hindered and prevented him, threatened his life, with force of arms demanded of him a large sum of money, and imprisoned and detained him for the space of four days, and until he paid them the sum of $2,500 for his enlargement."

That South, the sheriff, being present, the plaintiff, Pottle, applied to him for protection, and requested him to keep the peace of the State of Maryland, he, the said sheriff, having power and authority so to do. That the sheriff neglected and refused to protect and defend the plaintiff, and to keep the peace, wherefore, it is charged, " the sheriff did not well and truly execute and perform the duties required of him by the laws of said State;" and thereby the said writing obligatory became forfeited, and action accrued to the plaintiff.

This declaration does not charge the sheriff with a breach of his duty in the execution of any writ or process in which Pottle, the real plaintiff in this case, was personally interested, but a neglect or refusal to preserve the public peace, in consequence of which the plaintiff suffered great wrong and injury from the unlawful violence of a mob. It assumes as a postulate, that every breach or neglect of a public duty subjects the officer to a civil suit by any individual who, in consequence thereof, has suffered loss or injury; and consequently, that the sheriff and his sureties are liable to this suit on his bond, because he has not "executed and performed all the duties required of and imposed on him by the laws of the State."

The powers and duties of the sheriff are usually arranged under four distinct classes :—

1. In his judicial capacity, he formerly held the sheriff's tourn, or county courts, and performed other functions which need not be enumerated.

34 *

2. As king's bailiff, he seized to the king's use all escheats, forfeitures, waifs, wrecks, estrays, &c.

3. As conservator of the peace in his county or bailiwick, he is the representative of the king, or sovereign power of the State for that purpose. He has the care of the county, and, though forbidden by *magna charta* to act as a justice of the peace in trial of criminal cases, he exercises all the authority of that office where the public peace was concerned. He may upon view, without writ or process, commit to prison all persons who break the peace or attempt to break it; he may award process of the peace, and bind any one in recognizance to keep it. He is bound, *ex officio*, to pursue and take all traitors, murderers, felons, and other misdoers, and commit them to jail for safe custody. For these purposes he may command the *posse comitatus* or power of the country; and this summons, every one over the age of fifteen years is bound to obey, under pain of fine and imprisonment.

4. In his ministerial capacity he is bound to execute all processes issuing from the courts of justice. He is keeper of the county jail, and answerable for the safe-keeping of prisoners. He summons and returns juries, arrests, imprisons, and executes the sentence of the court, &c. &c. 1 Black. Com. 343; 2 Hawk, P. C. C. 8, § 4, &c. &c.

Originally, the office of sheriff could be held by none but men of large estate, who were able to support the retinue of followers which the dignity of his office required, and to answer in damages to those who were injured by his neglect of duty in the performance of his ministerial functions. In more modern times, a bond with sureties supplies the place of personal wealth. The object of these bonds is security, not the imposition of liabilities upon the sheriff, to which he was not subject at common law. The specific enumeration of duties in the bond in this case includes none but those that are classed as ministerial. The general expression, in conclusion, should be construed to include only such other duties of the same kind as were not specially enumerated. To entitle a citizen to sue on this bond to his own use, he must show such a default as would entitle him to recover against the sheriff in an action on the case. When the sheriff is punishable by indictment as for a misdemeanor, in cases of a breach of some public duty, his sureties are not bound to suffer in his place, or to indemnify individuals for the consequences of such a criminal neglect.

It is an undisputed principle of the common law, that for a breach of a public duty, an officer is punishable by indictment; but where he acts ministerially, and is bound to render certain services to individuals, for a compensation in fees or salary, he

South et al. *v.* State of Maryland Use of Pottle.

is liable for acts of misfeasance or non-feasance to the party who is injured by them.

The powers and duties of conservator of the peace exercised by the sheriff are not strictly judicial; but he may be said to act as the chief magistrate of his county, wielding the executive power for the preservation of the public peace. It is a public duty, for neglect of which he is amenable to the public, and punishable by indictment only.

The history of the law for centuries proves this to be the case. Actions against the sheriff for a breach of his ministerial duties in the execution of process are to be found in almost every book of reports. But no instance can be found where a civil action has been sustained against him for his default or misbehavior as conservator of the peace, by those who have suffered injury to their property or persons through the violence of mobs, riots, or insurrections.

In the case of Entick *v.* Carrington, State Trials, vol. 19, page 1062, Lord Camden remarks: " No man ever heard of an action against a conservator of the peace, as such."

The case of Ashby *v.* White, 2 Lord Raym. 938, has been often quoted to show that a sheriff may be liable to a civil action where he has acted in a judicial, rather than a ministerial capacity. This was an action brought by a citizen entitled to vote for member of parliament, against the sheriff for refusing his vote at an election. Gould, justice, thought the action would not lie, because the sheriff acted as a judge. Powis, because, though not strictly a judge, he acted *quasi* judicially. But Holt, C. J., decided that the action would lie: 1. " Because the plaintiff had a right or privilege. 2. That, by the act of the officer, he was hindered from the enjoyment of it." 3. By the finding of the jury the act was done maliciously. The later cases all concur in the doctrine, that where the officer is held liable to a civil action for acts not simply ministerial, the plaintiff must allege and prove each of these propositions. See Cullen *v.* Morris, 2 Starkie, N. P. C.; Harman *v.* Tappenden, 1 East, 555, &c. &c.

The declaration in the case before us is clearly not within the principles of these decisions. It alleges no special individual right, privilege, or franchise, in the plaintiff, from the enjoyment of which he has been restrained or hindered by the malicious act of the sheriff; nor does it charge him with any misfeasance or non-feasance in his ministerial capacity, in the execution of any process in which the plaintiff was concerned. Consequently, we are of opinion that the declaration sets forth no sufficient cause of action.

The judgment of the circuit court is therefore reversed.