PROCTOR S. DWINNELS *vs.* JOHN C. PARSONS.

A town agent appointed under the Gen. Sts. *c*. 86, § 17, is not liable in damages to any person for refusing under any circumstances to sell intoxicating liquor.

TORT against the town agent appointed under the Gen. Sts. *c*. 86, § 17, for the purchase and sale of intoxicating liquors in Georgetown. The declaration alleged that on July 5, 1867, " the defendant was acting in his said capacity of agent in said

Georgetown, and the plaintiff, being then and there a resident of Georgetown, and being afflicted with a disease known as the phthisic, standing in need of a small quantity of gin as a medicine therefor, applied to the defendant to purchase the same; but the defendant wilfully, maliciously and without reasonable cause refused to sell or deliver the same to him, and the plaintiff, by reason of said refusal and of his inability to obtain said gin, became liable to and did suffer a severe attack of the phthisic, as aforesaid, and was put to great and severe pain and distress." The defendant demurred on the ground, among others, that " no action lies against a public officer like the defendant, upon the facts stated."

In the superior court the demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed.

*J. A. Gillis*, for the plaintiff, cited *Williams* v. *Adams*, 3 Allen, 171; *Rogers* v. *Brewster*, 5 Johns. 125; *Wheeler* v. *Patterson*, 1 N. H. 88; *Jenkins* v. *Waldron*, 11 Johns. 114; *Osgood* v. *Bradley*, 7 Greenl. 411; *Weckerly* v. *Geyer*, 11 S. & R. 35; *Swift* v. *Chamberlain*, 3 Conn. 537; *Harman* v. *Tappenden*, 1 East, 555; *Drewe* v. *Coulton*, Ib. 563, note; *Ashby* v. *White*, 1 Bro. Parl. Cas. 62.

*S. B. Ives, Jr.*, for the defendant.

FOSTER, J. The defendant was the duly appointed agent for the purchase and sale of intoxicating liquor in the town of Georgetown. The question raised by the demurrer is, whether he can be held liable in damages for maliciously and without reasonable cause refusing to sell gin to a resident in that town who was sick and needed it as a medicine. Such an agent is appointed by the selectmen of the town, and receives a certificate authorizing him to purchase and sell, at places designated, intoxicating liquors to be used in the arts and for medicinal, chemical and mechanical purposes only. He is paid by a fixed salary, not dependent upon his sales, and in making sales is to conform to such rules and regulations as the appointing board may prescribe. He is required to give a bond, with sureties, conditioned to do so; and his agency is liable to be revoked and the bond to be put in suit if he fails in any respect to fulfil these

obligations. Gen. Sts. *c.* 86, §§ 17–24. For making illegal sales such agents are liable to the severe penalties prescribed in the statute; and also to the actions for damages caused by illegal sales under the circumstances set forth in §§ 38, 39.

In all the provisions of the act we discover careful safeguards to prevent sales to unfit persons or for improper purposes; but we fail to find any indication that the legislature intended to secure to any persons as a legal right the opportunity to purchase intoxicating liquors. The whole scope of the statute is designed to prevent and diminish such sales; and no apprehension seems to have been entertained that sufficient facilities for obtaining intoxicating liquors would not under all circumstances exist.

A strict responsibility of the town agents to the appointing board is provided for, and conformity is enjoined to such rules and regulations as to sales as that board may prescribe. We think that this was the only method by which it was contemplated to secure facilities for obtaining intoxicating liquors, and we cannot suppose that one who accepts the appointment of a town agent thereby undertakes a public employment for refusing to exercise which he is liable in damages to every member of the community who may have proper occasion to purchase such liquors, and to whom he wrongfully refuses to sell them. It cannot be that the question is open to a jury to determine whether each person refused ought to have been allowed to purchase; whether the representations made by each applicant are true or false; whether the agency is open at reasonable hours; and whether the various kinds of liquors kept by the agent constitute a sufficient assortment.

This declaration does not allege that the defendant had on hand any gin, or that it was his legal duty to keep it. Is this a question for the jury? And would it be, if the liquor applied for had been some rare and expensive wine or cordial? If the right to such an action had been contemplated by the legislature we should have expected to find it expressly given. And we are all of the opinion that the nature of the office of town agent is not such as to expose the incumbent to liability to any person

for refusing under any circumstances to sell intoxicating liquor. An appeal to the appointing board to establish convenient regulations, or to remove an agent who unreasonably refuses to supply the public or any particular individual, seems to us to be the only remedy, and one entirely adequate.

The analogies relied upon by the plaintiff are remote and of little value. Common carriers who wantonly and capriciously refuse to convey passengers for whom they have accommodations, and who are ready to pay the customary fare, are liable in damages. Innkeepers cannot causelessly refuse to receive travellers for whom they have sufficient rooms. But these are public employments, the exercise of which is necessary to the community, which are usually licensed and attended with peculiar privileges, which are carried on for profit, and which, by the ancient rules of the common law, have been regarded as subjecting the persons or corporations undertaking them to peculiar and extensive responsibilities.

Actions by qualified voters against selectmen who have refused to allow them to vote stand upon the ground that the voter has been deprived of a great constitutional right.

The case of *Spear* v. *Cummings*, 23 Pick. 224, cited by the defendant, is in principle more like the present. In that case it was held that the teacher of a town school is not liable to any action by a parent for refusing to instruct his children. But the statute creating the office and prescribing the duties of a town agent, by its own character and provisions, leads us to the conclusion that this demurrer must be sustained and judgment be entered for the defendant.