HARRIET E. LEAROCK *vs.* GRANVILLE B. PUTNAM & another.

The exclusive remedy for a child to recover damages for her exclusion from the public schools is an action of tort under the Gen. Sts. *c.* 41, § 11, against the city or town.

ACTION OF TORT against Granville B. Putnam and Samuel G. Bowdlear. The declaration was as follows :

" And the plaintiff says that on the fifteenth day of January 1871, and for a long time prior thereto, she was of right and had long been a pupil in the Franklin School, one of the public schools of the city of Boston, and had the lawful right to remain and continue a pupil in said school, and desired and intended so to remain and continue for a long time subsequent to said fifteenth day of January ; that sne had obeyed all the rules and regulations of said school appertaining to her, and had in no way forfeited or given up her right to be and remain a pupil in said

school, her father being and having long been a citizen and tax-payer of the city of Boston; yet that the defendants, well knowing the premises, and designing and intending to deprive her of her lawful rights, without cause and without right, dismissed her from said school, ejected her from the same, and prohibited her going to the same or in any way enjoying her privileges at the said school, and continued that prohibition from thence hitherto, and still refuse her her right to enter the said school or enjoy her privileges in the same, and other wrongs and injuries to her did."

At the trial in the Superior Court, before Putnam, J., upon the reading of the plaintiff's declaration, the judge ruled that the plaintiff could not maintain her action, and, by consent of the parties, directed a verdict for the defendants, which was returned, and reported the case for the determination of this court. If the ruling was correct, judgment to be entered on the verdict; if it was not correct, the case to be returned to the Superior Court for trial.

G. W. Searle, for the plaintiff. The Gen. Sts. c. 41, § 11, which provide that " a child unlawfully excluded from any public school shall recover damages therefor in an action of tort, to be brought in the name of such child by his guardian or next friend against the city or town by which such school is supported," is cumulative, not restrictive. Reynolds v. Hanrahan, 100 Mass. 313.

J. P. Healy, for the defendants.

WELLS, J. The plaintiff does not seek to recover for any violence to her person, or for trespass in removing her from the school-house, but for exclusion from the school, thereby depriving her of her legal right to attend school, and receive instruction as a pupil. The declaration, however, does not show that the defendants had any legal authority in the matter; and therefore fails to show that she has been deprived of such right.

But assuming that the defendants were the school committee, and have, by virtue of their authority as such, excluded the plaintiff from her right to attend school as a pupil; yet they are public officers, and in excluding her, must be taken to have acted in the discharge of their public authority and duty. Ordinarily such

officers are not held to be accountable to individuals who may be aggrieved, for the manner in which they exercise their public functions; *Spear* v. *Cummings*, 23 Pick. 224; *Sherman* v. *Charlestown*, 8 Cush. 160; *Dwinnels* v. *Parsons*, 98 Mass. 470; unless some private right is violated, which the individual holds, as property, separately from the community at large. The right to attend school is not such; but is a political right, belonging to the plaintiff as a member of the community in which she lives, and in common with all others of the same community. A proper and sufficient remedy for violation of this right is provided by the Gen. Sts. *c.* 41, § 11. We think it was intended and must be held to be exclusive of other remedies. The defendants, therefore, are entitled to *Judgment on the verdict.*