THOMAS F. O'HARE *vs.* WILLIAM C. JONES & others.

Middlesex.   March 12, 1894. — May 18, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Liability of Public Officers — Public Policy.*

The plaintiff, who was serving out a sentence at hard labor in the house of correction, duly imposed upon him for a crime of which he had been convicted, was injured by having his hand caught in a planing machine, and thereupon brought an action against the superintendent or instructor in the room in which he was set to work, against the master of the house of correction by whom the superintendent was appointed, and against the general superintendent of prisons for the Commonwealth, all of whom were public officers performing public services prescribed by statute. *Held,* that the action could not be maintained.

FIELD, C. J. This is an action of tort, against Greene, the general superintendent of prisons for the Commonwealth; against Fisk, the master of the house of correction where the plaintiff was imprisoned; and against Jones, a superintendent and instructor in the house of correction. Jones was appointed by Fisk with the approval of Greene, and Greene was appointed by the Governor of the Commonwealth with the advice and consent of the Council. Fisk was appointed by the sheriff of the county in which the house of correction was situated. The duties of these officers, so far as they are involved in the present suit, are set forth in St. 1887, c. 447 ; St. 1888, c. 403 ; St. 1891, c. 228 ; Pub. Sts. c. 220.

The plaintiff was serving out a sentence at hard labor in the house of correction, duly imposed upon him for a crime of which he had been convicted, and he was injured by having his hand caught in a planing machine which was used in the room in which Jones was superintendent and instructor, and upon which the plaintiff had been set to work. His contention is that he was in the exercise of due care, and that the machine was defective, out of repair, and dangerous ; that he was not properly instructed in the use of the machine before he was set to work upon it, and that Jones was an incompetent instructor, as Fisk knew or might have known if he had exercised reasonable care in appointing him. His alleged cause of action against Greene and Fisk is that they were negligent in appointing Jones, and in not providing a suitable machine, and against Jones, that he was negligent in not properly instructing him in the use of the machine.

The report recites : " It was not claimed that either the defendant Greene or the defendant Fisk was present in said room at the time the injury was received, nor was it claimed that either or any of the said defendants acted or omitted to act in the premises with malice or ill will towards the plaintiff."

The presiding justice ruled that neither defendant was liable, and ordered a verdict for all the defendants ; and the question is whether there was any cause of action against any one or more of the defendants.

We are unable to distinguish this case in principle from the decision in *Williams* v. *Adams*, 3 Allen, 171. The defendants were public officers performing a public service. Their appointment and duties were prescribed by statute. The relation of master and servant, principal and agent, employer and employee, did not exist between them and the prisoners in their custody. These officers were subject to public supervision, but there is nothing in the statutes prescribing the duties and regulating the conduct of these officers towards the prisoners in their charge which implies that the officers are to be held responsible to the prisoners in an action of damages for any neglect in the discharge of their official duties. It is inconsistent with the purpose for which prisons are established, and with the discipline which must be maintained over prisoners, that the officers should be

responsible to the prisoners in private actions for mere negligence in the performance of their duties.    See *Spear* v. *Cummings*, 23 Pick. 224 ; *White* v. *Phillipston*, 10 Met. 108 ; *Dwinnells* v. *Parsons*, 98 Mass. 470 ; *Learock* v. *Putnam*, 111 Mass. 499.

*Judgment on the verdict.*

*J. G. Foley*, for the plaintiff.
*P. H. Cooney*, for the defendants.