## STATE OF INDIANA ex rel. TYLER v. GOBIN et al.

(Circuit Court, D. Indiana. May 16, 1899.)

No. 9,668.

1. SHERIFFS—FAILURE TO PROTECT PRISONER—LIABILITY ON OFFICIAL BOND.
  The duty of a sheriff to safely keep a prisoner charged with an offense, and committed to his charge, and to produce such prisoner in court at the time of trial, is one that he owes to the state alone, and for a breach of which no action lies in behalf of any citizen; but, in addition, it is his duty to exercise reasonable care for the protection of the life and health of any person lawfully placed in his custody as an official, and this duty he owes to such person, and he and his sureties are liable on his official bond for its breach, where such bond is conditioned generally for the faithful performance of the duties of his office.

2. SAME.
  It is no defense to an action against a sheriff and the sureties on his official bond, for his failure to exercise proper care for the protection of a prisoner in his custody, that the acts charged in the complaint also constitute a crime.

3. SAME—ACTION BY LEGAL REPRESENTATIVES.
  Under the Indiana statute (1 Burns' Rev. St. 1894, § 285), providing that, when death is caused by the wrongful acts or omission of another, the personal representative of the deceased may maintain an action therefor if the deceased might have maintained an action for an injury resulting from the same act or omission had he lived, the legal representative of a prisoner who was murdered by a mob may maintain an action on the bond of the sheriff, in whose custody the deceased was at the time, for a failure of the sheriff to perform his official duty in protecting his prisoner.

At Law. Heard on demurrers to complaint.

W. V. Rooker, for plaintiff.
Joseph H. Shea and Smith & Korbly, for defendants.

BAKER, District Judge.    This is an action to recover damages for the death of Marion Tyler by the alleged wrongful acts and omissions of James F. Gobin, sheriff of Scott county, Ind.    The deceased was a prisoner confined in the jail of that county awaiting trial, and in the lawful custody of the sheriff, as the keeper of the jail.    The action is upon the bond of the sheriff, and is against him, and five other persons, as sureties thereon.    Separate demurrers for want of facts have been filed, one by the defendant Gobin, and the other by his co-defendants, the sureties on his official bond.

The condition of the bond copied in the complaint is "that if the said James F. Gobin shall well and faithfully perform the duties of said office, in accordance with the law governing the administration thereof, and at the end of said term account for and turn over to his successor in office, or to whoever may be legally appointed to receive the same, all moneys, books, papers, and other property whatever, which shall come into his hands as said officer, then this obligation to be void; else to remain in full force and effect."    The wrongful acts charged are that the sheriff carelessly and negligently suffered and permitted a mob of persons to collect for the purpose of committing acts of violence against the person of the deceased, and that he carelessly and wrongfully permitted the jail in which the deceased was confined to be and remain without a sufficient guard to protect the same against the acts of violence of the mob, and that, in further disregard of his duty, he aided and abetted the mob in accomplishing their unlawful conspiracy by delivering to the mob the keys of the cell house of the jail in which the deceased was confined, by presenting to the mob a lighted lamp, by means of which they were the better enabled to accomplish their unlawful purpose, by informing the mob as to the location of the cell occupied by the deceased, by failing to make an outcry or to give any alarm whereby assistance could have been obtained, and by failing and refusing to make any resistance or to interpose any obstruction to the mob.    It is also alleged that the mob thereupon removed the deceased from the jail to a place near by, and hanged him with a rope by the neck until he was thereby strangled to death.    It is also alleged that after the mob had removed the deceased from the jail, and after they had suspended him with a rope by the neck from a tree, the sheriff was guilty of further neglect in that he failed and refused to cut down the body of the deceased before life was extinct, and failed and refused to resuscitate the deceased from the strangulation which was then and there destroying his life.

It is contended that the acts and omissions of the sheriff were not done or permitted by him by virtue of, or under color of, his office, because the acts and omissions charged against him amount to a charge of aiding and abetting in the commission of a murder; and that if the acts of the sheriff were not done by virtue of, and under color of his office as sheriff, then neither he nor his sureties are liable on his official bond.

It is firmly settled that an officer may be held personally responsible for any and all wrongs committed by him; but, when an action is brought upon the bond he gave for the performance of his official duty, he and his sureties can only be held responsible for a breach of duty

covered by the bond. The supreme court in South v. Maryland, 18 How. 396, 402, say: "To entitle a citizen to sue on this bond to his own use, he must show such a default as would entitle him to recover against the sheriff in an action on the case." Could the deceased, if alive, have maintained an action on the case against the sheriff for the acts of omission and commission charged against him in the complaint? This depends on the question whether the sheriff owes any duty of care for the safety of prisoners lawfully committed to his custody to await trial. If the law imposes on the sheriff the duty of exercising due care for the safety of prisoners whom he is holding in custody by virtue of a lawful writ, then he certainly would be responsible on his bond for a breach of that duty. He held the deceased in custody under a warrant of commitment by virtue of his office. He was responsible, by virtue of his office, for the safe-keeping of any person so committed, so that he might produce him in court at the time of the trial. But that is a duty which he owes to the state alone, and for the breach of this duty no action would lie on behalf of any citizen. But, in my opinion, as the lawful custodian of the deceased, he owed to him the duty of exercising ordinary and reasonable care for his life and health. This duty was due to the deceased personally, and is additional to the duty of safe-keeping which he owes to the public. This duty of care arose from his having the person of the deceased committed to his custody by virtue of his office. The sheriff is bound to the exercise of due care and diligence in keeping possession of property levied on by virtue of his office, so as to preserve the lien unimpaired. He leaves the property at his peril in the possession of the debtor. He is bound to take ordinary care of property levied on, to prevent deterioration or destruction, and, if he neglects so to do, is liable for the resulting injury. He must exercise ordinary care in moving goods and in selecting a fit place for their deposit. He must use due care to feed and water live stock seized by him by virtue of a lawful writ. 22 Am. & Eng. Enc. Law, 549, and authorities cited. For a failure to use ordinary care in the cases above mentioned, to which many more might be added, he and his sureties are responsible on his official bond. This liability grows out of a breach of duty to exercise care imposed upon him by law in respect of property seized by virtue of his office. If the law imposes a duty of care in respect of animals and goods which he has taken into his possession by virtue of his office, why should not the law impose the duty of care upon him in respect of human beings who are in his custody by virtue of his office? Is a helpless prisoner in the custody of a sheriff less entitled to his care than a bale of goods or a dumb beast? The law is not subject to any such reproach. When a sheriff, by virtue of his office, has arrested and imprisoned a human being, he is bound to exercise ordinary and reasonable care, under the circumstances of each particular case, for the preservation of his life and health. This duty of care is one owing by him to the person in his custody by virtue of his office, and for a breach of such duty he and his sureties are responsible in damages on his official bond. Asher v. Cabell, 1 C. C. A. 693, 50 Fed. 818, and 2 U. S. App. 159; Hixon v. Cupp (Okl.) 49 Pac. 927.

The condition of the bond is that the sheriff shall well and faithfully perform the duties of his office in accordance with the law, and one of those duties is to exercise due care for the life and health of persons lawfully committed to his custody. The case of South v. Maryland, 18 How. 396, announces no doctrine in conflict with the foregoing views. That case holds that a sheriff, as a conservator of the peace of his county, is not liable for a failure or neglect to preserve the public peace, whereby a citizen sustains injury, where such sheriff is not charged with misfeasance or nonfeasance, in his ministerial capacity, in the execution of some process in which the plaintiff was concerned. As such conservator, his duty to keep the peace is one due to the public generally, and is not a private or personal duty owing to some particular individual, and for the breach of such a duty he is answerable to the public, and not to any private citizen, to whom he owes no special duty. But in the instant case the sheriff, by virtue of his office, did owe the deceased, under the circumstances, a special and official duty of care, for the breach of which he is responsible. The contention that the complaint is bad, because it shows that the sheriff is guilty of the commission of a felony, is untenable. Owing to the deceased the duty to exercise due care for the preservation of his life, it is immaterial whether he committed a breach of that duty by acts of misfeasance or nonfeasance. The intent with which he committed the breach of duty is not material. The fact, if it be a fact, that he is criminally liable for the murder of the deceased, would not relieve him from civil liability for damages resulting from a breach of official duty.

There is no ground on which the liability of the sureties on his bond can be separated from that of the sheriff, because the bond is given for the faithful performance of his duty according to law; and, since the sheriff is shown to have made breach of a ministerial duty imposed on him by law, it necessarily follows that his sureties are jointly liable with him, by the express condition of the bond.

The statute of this state (1 Burns' Rev. St. 1894, § 285) provides that, when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury for the same act or omission. Having already decided that, if the deceased had lived, he could have maintained a suit against the sheriff and his sureties on the bond for the acts and omissions set out in the complaint, it follows that his personal representative may maintain the present action. The demurrer to the complaint is overruled. Exception. Rule to answer in 10 days.