Carl Bush, et al., etc., Plaintiffs-Appellants, v. John E. Babb, etc., et al., Defendants-Appellees.

Gen. No. 47,726.

First District, Second Division.

November 10, 1959.

Released for publication December 22, 1959.

Moore, Ming, and Leighton, of Chicago, for appellants.

Herbert C. De Young, Dent, Hampton, and Doten, all of Chicago, for defendants-appellees.

JUSTICE KILEY delivered the opinion of the court.
This is a suit by a former inmate of the County Jail and his father, to recover damages for the alleged wrongful neglect by the Sheriff and Warden of the Cook County Jail as a result of which the inmate contracted tuberculosis and became a financial burden to his father. The trial court, on defendants' motions, dismissed the suit and plaintiffs have appealed.

The motion to dismiss admitted the well pleaded facts. Carl Bush, while an inmate of the Cook County Jail from October 1, 1951, to March 1, 1952, contracted a cold which grew steadily worse. From the beginning of the illness he kept Sheriff Babb and Warden Scanlan informed of his condition and

requested medical examination, care and treatment, but was not given "adequate" care and pulmonary tuberculosis developed. He had not suffered previously from this illness and in the jail exercised such care for his health as the rules of the jail permitted.

March 1, 1952, he was transferred for diagnosis to the Joliet Penitentiary where the pulmonary tuberculosis condition was confirmed, and it was found that he had "for one month" before developed "far advanced and active" tuberculosis. He was transferred to Pontiac Reformatory, for "bed rest and supportative therapy," where he remained until April, 1953, when the Supreme Court of Illinois reversed his conviction and he was released. Since his release he has been unable to work, and will be incapacitated the rest of his life. His father has, since April, 1953, had the burden of caring for Carl Bush and of the medical expense in treating him.

The complaint alleges that the sickness of Carl Bush, and expense of Arthur Bush, were proximately caused by the failure and neglect of Sheriff Babb and Warden Scanlan to perform their statutory duty to furnish Carl Bush "adequate and proper medical examination and medical care and treatment." In an amended complaint, the Fidelity & Deposit Company of Maryland, Inc., as surety on the Sheriff's $100,000 bond, was made a defendant. The amended complaint alleged that the Sheriff and Warden breached the condition of the bond by their negligent failure to treat Bush properly. The trial court, though it sustained the motions to dismiss for failure of plaintiffs to state a cause of action, overruled all the motions with respect to the statute of limitations.

■ A vital question before us is, therefore, whether plaintiffs' pleadings sufficiently alleged the breach of a duty of Babb and Scanlan toward Carl Bush as a proximate result of which breach Carl Bush and

287

Arthur Bush, suffered injury for which they could be compensated. We must construe plaintiffs' pleadings most strongly against them on the question. Field v. Oberwortmann, 14 Ill.App.2d 218.

Plaintiffs do not dispute defendants' argument that the amended complaint does not charge malice on the part of defendants. It is unnecessary, therefore, to consider the cases cited by plaintiffs which involve charges of malicious injuries, such as People v. Morgan, 188 Ill. App. 250. The Illinois cases cited by plaintiffs deal mainly with suits against public officers who had diverted or misappropriated funds; or affecting liability of a sheriff for damages to property, escape of prisoners, and neglect or other conduct in serving writs or seizing property. They concede that there is no Illinois case deciding whether a jailer can be held liable to an inmate suffering illness as a result of the negligence of the jailer.

We think several cases which appear to support their position are not persuasive. In State ex rel. Hayes v. Billings, 240 N. C. 78, 81 S.E.2d 150 (1954), a complaint for damages against a sheriff was upheld, but the complaint was "liberally construed . . . in favor of plaintiff," and under a liberal construction could be held to allege more than mere negligence. In Farmer v. State for Use of Russell, 224 Miss. 96, 79 So.2d 528 (1955), the pleading and proof could support a theory of wilful failure to provide any "medical and surgical aid." In Smith v. Slack, 125 W. Va. 812, 26 S.E.2d 387 (1943), the Supreme Court of Appeals of West Virginia held that the sheriff's statutory duties were ministerial. In Gage v. Springer, 211 Ill. 200, the court decided that the duties of a Board of Local Improvements were ministerial.

Though there is no case directly in point, we think that the Illinois cases point the way to our decision. The Supreme Court in In re McGarry, 380 Ill. 359,

288

365, stated that official action is judicial when it is the result of judgment or discretion and that when an officer can exercise his power according to his own judgment as to what is "necessary and proper," that officer's functions are "judicial or quasi-judicial." The McGarry case involved the conduct of a judge, but the Supreme Court in People v. Courtney, 380 Ill. 171, 179, said that the rule applying to judges applied alike to all officers exercising quasi-judicial powers "and they are exempt from liability for error or mistake or judgment in the exercise of their duty in the absence of corrupt or malicious motives." This statement is supported in 67 C. J. S. 420 which states further ". . . exempting [officers], when acting within the scope of their authority . . . from liability for . . . negligence in [the] exercise" of quasi-judicial powers.

This immunity to officers of the state has been extended in this state to a highway maintenance man, Mower v. Williams, 402 Ill. 486. And, to take a sample of many decisions in other states, in the absence of malicious intent, immunity was given to a sheriff who stood by at the lynching of a prisoner in Maryland, State v. Wade, 87 Md. 529, 40 Atl. 104 (1898); to keepers of prisons in Massachusetts, O'Hare v. Jones, 161 Mass. 391, 37 N. E. 371 (1894), and Williams v. Adams, 85 Mass. 171 (1861); to military officers in Oregon, Wright v. White, 166 Ore. 136, 110 P.2d 949 (1941); in Iowa, to a mayor and city council, Rehmann v. City of Des Moines, 204 Iowa 798, 215 N. W. 957 (1927); in Nebraska, to members of a Depositary Guaranty Fund Commission, Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98 (1933); in New Hampshire, to members of a school board, Sweeney v. Young, 82 N. H. 159, 131 Atl. 155 (1925); and in South Carolina, to a bank examiner, Dunbar v. Fant, 170 S. C. 414, 170 S. E. 460 (1933).

Immunity has been given by federal courts to members of a parole board, Lang v. Wood, 92 F.2d 211 (D. C. Cir.), cert. denied, 302 U. S. 686 (1937), and to immigration officers, Papagianakis v. The Samos, 186 F.2d 257 (4th Cir. 1950), cert. denied, 341 U. S. 921 (1951). The 7th Circuit thought that the instant defendant Warden Scanlan was immune from liability for an alleged violation of a prisoner's civil rights. Peckham v. Scanlon, 241 F.2d 761 (7th Cir. 1957). And in People v. Maryland Cas. Co. 132 F.2d 850 (7th Cir. 1942), the court decided Illinois Welfare and Health officers were performing a public duty and were not liable to workmen poisoned by drinking water.

██ Plaintiffs rely upon the Jails and Jailers Act, ch. 75, Ill. Rev. Stat. (1959), which provides in section 2 that the sheriff "shall be warden" and in section 19 that "the warden of the jail shall furnish necessary bedding, clothing, fuel and medical aid for all prisoners under his charge and keep an accurate account of same." Section 19 does not impose ministerial functions upon the sheriff. He has to decide what food, bedding and medical care are adequate and proper. His functions, therefore, are quasi-judicial, 67 C. J. S. 420, and carry with them the immunity from liability for mere negligent omission to provide proper and adequate medical care for Carl Bush. The sheriff's duty is to the public, under the aspect of the state, and not to the individuals who are the inmates of the County Jail. If he fails in his duty, he may be subjected to the statutory penalty, section 23, but not to a private suit. It is different when a sheriff is serving writs, etc., "where their responsibility is solely to the individual's affected thereby." Williams v. Adams, 85 Mass. 171, 172 (1861).

The Criminal Court judges have an obligation to look into the operation of the jail and are empowered to order improvements. Section 28. The Grand Jury

also has the power to inspect and criticize the operation of the jail, and recommend improvements. Section 26. Carl Bush had the right to turn, in his predicament, to the Criminal Court judges and the Grand Jury. He has no civil remedy against the defendants in this case.

It is significant that with respect to his ministerial duties covering service of writs, etc., the statute, section 16 of the Sheriff's Act, ch. 125, Ill. Rev. Stat. (1959), provides for a suit for damages. On the other hand, for the duties as warden in the Jails and Jailers Act, ch. 75, sec. 19, Ill. Rev. Stat. (1959), there is no provision for such a suit although the Act has been in effect since 1874 and amended from time to time. The Act does provide, in section 23, a penalty for violation of the sheriff's duties prescribed in section 19. These facts, we think, clearly support our view that the legislature intended no civil liability for violation of section 19 and intended the duties in that section to be public duties for violation of which the sheriff was subject to a penalty imposed by the public.

Defendants refer us to the mischiefs and burdens that would follow a decision in favor of plaintiffs; plaintiffs say these have no place in consideration of his right. In an old Massachusetts case, Williams v. Adams, 85 Mass. 171 (1861), the court was met with this question and quoted with approval from an earlier case: "If this experiment had succeeded, it would have been productive of an infinity of actions. And though the fear of introducing so much litigation ought not to prevent the plaintiff's recovering, if by law he is entitled, yet it ought to have considerable weight in a case where it is admitted that there is no precedent of such an action having been before attempted." This statement represents our view.

We think the trial court properly dismissed plaintiffs' suit because there is no showing of liability on

291

the part of the sheriff toward Carl Bush, and the suit of Arthur Bush fails ipso facto, since it depended upon the successful maintenance of his son's suit.

We need consider no other point. The judgment is affirmed.

Affirmed.

MURPHY, P. J. and LEWE, J., concur.