**Philip GOLUB, Plaintiff,**

v.

**Alex KRIMSKY, as Warden of Federal House of Detention, Defendant.**

United States District Court
S. D. New York.

Aug. 4, 1960.

Nathan Gottesman, Brooklyn, N. Y., for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., for S. D. N. Y., New York City, for defendant (Burton M. Fine, New York City, of counsel).

MURPHY, District Judge.

Plaintiff while lawfully in custody at the Federal House of Detention, of which defendant is Warden, having been placed in such custody under sentence of this court, was injured while playing handball on the roof court of the building. Alleging diversity he claims negligence on the part of defendant, "his agents, servants and/or employees" in the operation, management and control of the premises, and in the failure to provide him with proper medical treatment following the injury, and in transporting him to the federal penitentiary at Danbury, Connecticut, while he was in no condition to travel.

A prior suit in this court against the United States brought under the Federal Tort Claims Act, 28 U.S.C.A. § 1346, based upon the same facts was dismissed for failure to state a claim upon which relief could be granted. Defendant now moves to dismiss this suit against him in his individual capacity upon the same ground. Rule 12(b) (6), Fed.R.Civ.P., 28 U.S.C.A.

There are numerous cases in point of suits by non-federal prisoners against the sheriff, warden or other person in charge of state and local prisons. See Annotation, 14 A.L.R.2d 353 (1950); 72 C.J.S. Prisons §§ 12, 13, pp. 864–865; note, 34 Ind.L.J. 609 (1959). A majority of jurisdictions hold such officers personally liable for the breach of a common law or statutory duty of due care for the safety of prisoners in their custody. Other courts, for varying reasons, hold that prisoners have no cause of action for injuries due to the negligence of their keepers. Cf., e. g., Bush v. Babb, 23 Ill.App.2d 285, 162 N.E.2d 594; State to Use of Clark v. Ferling, 220 Md. 109, 151 A.2d 137.

Plaintiff has cited no case in which a federal prisoner was held entitled to maintain an action against the warden of a federal penal institution for injuries suffered during his confinement and allegedly due to the warden's negligence in the performance of his duties. Nor have we been able to find any such authority. Cf. Asher v. Cabell, 5 Cir., 1892, 50 F. 818; Tyler v. Gobin, C.C.S.D. Ind.1899, 94 F. 48. The apparent complete absence of reported suits of this na-

784

ture against federal prison officials would seem to represent silent but eloquent testimony to the contention of the government here that federal prisoners may not maintain such actions, and we are persuaded to agreement therewith. Cf. Bush v. Babb, supra, 162 N.E.2d at page·598. We incline to the proposition that to allow such actions would be prejudicial to the proper maintenance of discipline, (cf. Sigmon v. United States, D.C.W.D.Va.1953, 110 F.Supp. 906, 910; O'Hare v. Jones, 161 Mass. 391, 392, 37 N.E. 371, 372) and that where, as here, the acts or omissions complained of are clearly within the scope of the defendant's duties as a governmental official, he is immune from negligence suits based thereon. Cf. Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579; Hartline v. Clary, D.C.E.D.S.C.1956, 141 F.Supp. 151.

Motion to dismiss is granted.

This is an order. No settlement is necessary.