Mary FLEMMINGS, Personal Representative of the Estate of Jacques Flemmings, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 95–CV–285

District of Columbia Court of Appeals.

Argued Sept. 2, 1998.

Decided Sept. 25, 1998.*

Frazer Walton, Jr., with whom John C. LaPrade, Washington, DC, was on the brief, for appellant.

James C. McKay, Jr., Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before TERRY and REID, Associate Judges, and PRYOR, Senior Judge.

TERRY, Associate Judge:

Jacques Flemmings, a Metropolitan Police officer, was shot and killed by his girl friend, Vene Lagon, who was also a Metropolitan Police officer. Appellant, Officer Flemmings' mother and the personal representative of his estate, brought this negligence action against the District of Columbia under the wrongful death [1] and survival [2] statutes, seeking damages for the death of her son. The trial court dismissed the complaint under Super.Ct.Civ.R. 12(b)(6) for failure to state a claim upon which relief could be granted. We affirm the order of dismissal.

In *Morgan v. District of Columbia,* 468 A.2d 1306 (D.C.1983) (en banc), a police officer shot and wounded his estranged wife and son, then shot and killed his wife's father. The officer had a prior history of

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. Appellee's motion for publication has been granted by the court.

1. D.C.Code § 16–2701 (1997).

2. D.C.Code § 12–101 (1995).

violent behavior toward his wife which was known to his superiors in the police department.[3] Nevertheless, this court held that the District of Columbia could not be held liable for damages resulting from the officer's conduct. In so holding, the court applied what has come to be known as the public duty doctrine, under which "law enforcement officials and, consequently, state [and municipal] governments generally may not be held liable for failure to protect individual citizens from harm caused by criminal conduct." *Id.* at 1310 (citations omitted). *Morgan* was but one case in a long line of District of Columbia cases applying the doctrine,[4] which can be traced back more than a century to a Supreme Court decision several years before the Civil War.[5] Only when there has been a "special relationship" between the District and the injured party, coupled with a reliance by the injured party on that relationship, can the District be held liable. *See Hines, supra* note 4, 580 A.2d at 138 ("justifiable reliance on a specific undertaking to render aid"); *Akins, supra* note 4, 526 A.2d at 935 (similar language); *Morgan, supra,* 468 A.2d at 1312–1315. The facts alleged in appellant's complaint, even when read most favorably to appellant, do not establish the kind of "special relationship" of which the cases speak.[6]

We specifically reject appellant's argument, which has no support in the case law, that the fact that both Jacques Flemmings and Vene Lagon were police officers created such a special relationship.[7] We hold, therefore, that *Morgan* is controlling and requires affirmance of the order dismissing appellant's complaint.

■ There is an additional, independent ground for affirmance of at least the dismissal of the wrongful death claim. Officer Flemmings was killed on March 16, 1991, but appellant's complaint was not filed until December 30, 1993. The statute of limitations for a wrongful death action, D.C.Code § 16–2702 (1997), requires that the action be filed "within one year after the death of the person injured." The statute may be tolled only on a showing of "fraudulent concealment of the existence of a cause of action...." *Emmett v. Eastern Dispensary & Casualty Hospital,* 130 U.S.App.D.C. 50, 55, 396 F.2d 931, 936 (1967). Appellant, however, expressly states at page 7 of her brief that she makes no claim of fraudulent concealment,[8] and without it the statute cannot be tolled. We therefore conclude that the wrongful death

---

**3.** The officer was later convicted of first-degree murder and two counts of assault with intent to kill while armed. *See Morgan v. United States,* 363 A.2d 999 (D.C.1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977). In the instant case, Officer Lagon was also tried for first-degree murder but was acquitted, apparently on the ground of self-defense.

**4.** *E.g., Hines v. District of Columbia,* 580 A.2d 133 (D.C.1990); *Wanzer v. District of Columbia,* 580 A.2d 127 (D.C.1990); *Klahr v. District of Columbia,* 576 A.2d 718 (D.C.1990); *Akins v. District of Columbia,* 526 A.2d 933 (D.C.1987); *Platt v. District of Columbia,* 467 A.2d 149 (D.C. 1983); *Warren v. District of Columbia,* 444 A.2d 1 (D.C.1981) (en banc).

**5.** *South v. Maryland,* 59 U.S. (18 How.) 396, 15 L.Ed. 433 (1856).

**6.** In only one case have we found such a special relationship to exist, and in that instance it was based on a statute that specifically created certain rights and protections for members of a designated class (abused and neglected children). *Turner v. District of Columbia,* 532 A.2d 662 (D.C.1987). The facts of the instant case are not remotely comparable to the facts in *Turner.*

**7.** Appellant's reliance on internal police regulations and general orders is of no avail. *See Morgan,* 468 A.2d at 1317–1318. What the case law requires in order to create a special relationship is "an affirmative undertaking to protect a particular individual...." *Id.* at 1314. No such undertaking has been shown or alleged here.

**8.** Indeed, she could not, for the facts alleged in her complaint do not establish fraudulent concealment. *See Cevenini v. Archbishop of Washington,* 707 A.2d 768, 773–774 (D.C.1998); *William J. Davis, Inc. v. Young,* 412 A.2d 1187, 1191 (D.C.1980) (statute is tolled only when "the basis of a cause of action" is fraudulently concealed); *Emmett, supra,* 130 U.S.App.D.C. at 56, 396 F.2d at 937 (only "fraudulent concealment of information the moving party needs *in order to determine whether there is a litigable dispute"* will toll the statute (emphasis added)). From the beginning, appellant had all the information she needed in order to file suit. Even if the District withheld certain details from her, as she alleges, those details were not essential to her claim but were, at most, potentially useful bits of evidence if the case ever went to trial.

claim was properly dismissed as barred by the statute of limitations.[9]

The order from which this appeal is taken is accordingly

*Affirmed.*

---

9. We need not address the District's additional arguments.