## WESTERN TURF ASSOCIATION *v.* GREENBERG.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 189. Submitted January 29, 1907.—Decided February 25, 1907.

Where defendant corporation in the court below questions the constitutionality of a state statute as an abridgment of its rights and immunities and as depriving it of its property without due process of law in violation of the Fourteenth Amendment, and the judgment sustains the validity of the statute, this court has jurisdiction to review the judgment on writ of error under § 709, Rev. Stat.

A corporation is not deemed a citizen within the clause of the Constitution of the United States protecting the privileges and immunities of citizens of the United States from being abridged or impaired by the law of a State; and the liberty guaranteed by the Fourteenth Amendment against deprivation without due process of law is that of natural, not artificial, persons.

A State may in the exercise of its police power regulate the admission of persons to places of amusement, and, upon terms of equal and exact justice, provide that persons holding tickets thereto shall be admitted if not under the influence of liquor, boisterous, or of lewd character, and such a statute does not deprive the owners of such places of their property without due process of law; so held as to California statute.

148 California, 126, affirmed.

THE facts are stated in the opinion.

*Mr. William S. Goodfellow,* for plaintiff in error, submitted:

The reason for excluding the defendant in error from the grounds was that he insisted upon publishing a newspaper called a racing chart or form chart, whereas the association had sold the exclusive privilege so to do to other persons. The association had the right to make such a contract, perhaps for the protection of the public, and for the reputation of its own grounds; as also for the profits to be directly derived from the contract.

Apart from this special statute, a ticket of admission to a place of amusement is, and always has been, merely a license. The authorities to this effect were cited in the former case, and the Supreme Court of California held in conformity with them. But if this statute be valid it is no longer possible for two persons to contract for the issuance of a license to a place of amusement. This statute also makes it a *penal offense,* 140 California, 364, for a person who has made a civil contract to violate it. It is understood that every person has that right, of course holding himself responsible in damages.

The plaintiff in error is a private corporation, conducting a private business, upon its own private premises. There is no suggestion that it was in anywise exercising a public use, or that it had ever received aid or special privileges from the

State, or even a license to transact business. *District of Columbia* v. *Saville*, 1 McArthur, 581; *S. C.*, 29 Am. Rep. 616; *Sharpe* v. *Whiteside*, 19 Fed. Rep. 156; *Gibbs* v. *Tally*, 133 California, 373; *State* v. *Associated Press*, 60 S. W. Rep. 191; *Leep* v. *St. Louis*, 25 S. W. Rep. 575.

*Mr. William G. Burke*, for defendant in error, submitted:

The statute attacked in this case is applicable only to places of public amusement or entertainment and was within the power of the legislature to enact. *Munn* v. *Illinois*, 94 U. S. 113; *Grannan* v. *Westchester Racing Assn.*, 16 App. Div. 8; *S. C.*, 44 N. Y. Supp. 790; *Baylies* v. *Curry*, 128 Illinois, 287; *People* v. *King*, 110 N. Y. 418.

The constitutionality of the statute under consideration has been twice upheld by the Supreme Court of California. *Greenberg* v. *Western Turf Assn.*, 82 Pac. Rep. 684.

MR. JUSTICE HARLAN delivered the opinion of the court.

The plaintiff in error is a corporation of California, and the lessee, in possession, of a race-course kept as a place of public entertainment and amusement, and to which it was accustomed to issue tickets of admission. The defendant Greenberg purchased one of such tickets, and was admitted to the race-course. After being admitted he was ejected from the premises against his will by police officers, acting, it was alleged in the complaint, by the direction of the plaintiff. The defendant denied responsibility for the acts of those officers. It was sued by Greenberg in one of the courts of California, and there was a verdict and judgment against the Association for the sum of one thousand dollars. The case was taken to the Supreme Court of the State and the judgment was affirmed. 148 California, 126.

At the trial a question was raised as to the applicability to this case of a statute of California relating to the admission of persons holding tickets of admission to places of public

entertainment and amusement. That statute is as follows:
"It shall be unlawful for any corporation, person or associa-
tion, or the proprietor, lessee, or the agents of either, of any
opera house, theatre, melodeon, museum, circus, caravan,
race-course, fair, or other place of public amusement or en-
tertainment, to refuse admittance to any person over the age
of twenty-one years who presents a ticket of admission ac-
quired by purchase, and who demands admission to such
place, provided that any person under the influence of liquor,
or who is guilty of boisterous conduct, or any person of lewd
or immoral character, may be excluded from any such place of
amusement. Sec. 2. Any person who is refused admission
to any place of amusement, contrary to the provisions of this
act, is entitled to recover from the proprietors, lessees or their
agents, or from any person, association, corporation, or the
directors thereof, his actual damage and $100 in addition
thereto."

1. The record sufficiently shows that in the Supreme Court
of the State the defendant questioned the validity of the
statute in question under the Fourteenth Amendment, in that
it "seeks to abridge the privileges and immunities of citizens
of the United States, and to deprive them of liberty and prop-
erty without due process of law, and to deny to them, being
within its jurisdiction, the equal protection of the laws." By
the judgment below the validity of the statute was sustained,
the court holding that it was a legitimate exertion of the
police power of the State. The contention that this court is
without jurisdiction to review that judgment is, therefore,
overruled.

2. The Supreme Court of the State in a previous decision
between the same parties—*Greenberg* v. *Western Turf Asso-
ciation*, 140 California, 357, 360—held the statute to be con-
stitutional as a valid regulation imposed by the State in its
exercise of police power. That decision, we assume, from the
opinion of the court, had reference only to the constitution of
California. But this court can only pass upon the validity of

the statute with reference to the Constitution of the United States. We perceive no reason for holding it to be invalid under that instrument. The contention that it is unconstitutional as denying to the defendant the equal protection of the laws is without merit, for the statute is applicable alike to all persons, corporations or associations conducting places of public amusement or entertainment. Of still less merit is the suggestion that the statute abridges the rights and privileges of citizens; for a corporation cannot be deemed a citizen within the meaning of the clause of the Constitution of the United States which protects the privileges and immunities of citizens of the United States against being abridged or impaired by the law of a State.

The same observation may be made as to the contention that the statute deprives the defendant of its liberty without due process of law; for, the liberty guaranteed by the Fourteenth Amendment against deprivation without due process of law is the liberty of natural, not artificial, persons. *Northwestern Life Insurance Co.* v. *Riggs,* 203 U. S. 243. Does the statute deprive the defendant of any property right without due process of law? We answer this question in the negative. Decisions of this court, familiar to all, and which need not be cited, recognize the possession, by each State, of powers never surrendered to the General Government; which powers the State, except as restrained by its own constitution or the Constitution of the United States, may exert not only for the public health, the public morals and the public safety, but for the general or common good, for the well-being, comfort and good order of the people. The enactments of a State, when exerting its power for such purposes, must be respected by this court, if they do not violate rights granted or secured by the Supreme Law of the land. In view of these settled principles, the defendant is not justified in invoking the Constitution of the United States. The statute is only a regulation of places of public entertainment and amusement upon terms of equal and exact justice to every one holding a ticket of ad-

mission, and who is not at the time under the influence of
liquor, or boisterous in conduct, or of lewd and immoral char-
acter. In short, as applied to the plaintiff in error, it is only
a regulation compelling it to perform its own contract as evi-
denced by tickets of admission issued and sold to parties wish-
ing to attend its race-course. Such a regulation, in itself just,
is likewise promotive of peace and good order among those
who attend places of public entertainment or amusement.
It is neither an arbitrary exertion of the State's inherent or
governmental power, nor a violation of any right secured by
the Constitution of the United States. The race-course in
question being held out as a place of public entertainment and
amusement is, by the act of the defendant, so far affected with
a public interest that the State may, in the interest of good
order and fair dealing, require defendant to perform its en-
gagement to the public, and recognize its own tickets of ad-
mission in the hands of persons entitled to claim the benefits
of the statute. That such a regulation violates any right of
property secured by the Constitution of the United States
cannot, for a moment, be admitted. The case requires noth-
ing further to be said. The judgment is

*Affirmed.*