WATCH TOWER BIBLE & TRACT SOC.
et al. v. CITY OF BRISTOL et al.*
No. 2700.

District Court, District Connecticut.
July 22, 1938.

*Decree affirmed 59 S.Ct. ——, 83 L.Ed. ——.

58

Otto H. LaMacchia, of Bridgeport, Conn., and O. R. Moyle, of Brooklyn, N. Y., for complainants.

Dennis P. O'Connor, Deputy Atty. Gen., and Mink & Beach, of Bristol, Conn., for defendants.

Before MANTON, Circuit Judge, and THOMAS and HINCKS, District Judges.

PER CURIAM.

Complainants, members of a religious organization known as Jehovah's Witnesses, brought this suit seeking a temporary and now a permanent injunction restraining the defendants from enforcing § 6194 of the Laws of Connecticut (Revision of 1930), declaring that it is in conflict with the Federal Constitution. The statute provides:

"Breach of the peace. Intimidation. Libel.

Any person who shall disturb or break the peace by tumultuous and offensive carriage, noise or behavior, or by threatening, traducing, quarreling with, challenging, assaulting or striking another or shall disturb or break the peace, or provoke contention, by following or mocking any person, with abusive or indecent language, gestures or noise, or shall, by any writing, with intent to intimidate any person, threaten to commit any crime against him or his property or shall write or print and publicly exhibit or distribute, or shall publicly exhibit, post up or advertise, any offensive, indecent or abusive matter concerning any person, shall be fined not more than five hundred dollars or imprisoned in jail not more than one year or both."

Complainants visited the countryside in and around the City of Bristol, Connecticut, preaching their religious doctrines, with the aid of publications which they left with the residents, and by phonographic records which they played in the households to which they gained admission. Some were arrested, prosecuted and convicted on charges of the violation of § 6194, a criminal offense, as persons who "shall write or print and publicly exhibit or distribute, or shall publicly exhibit, post up or advertise, any offensive, indecent or abusive matter concerning any person."

The relief sought is based upon the contention that the statute is in conflict with the Federal Constitution in denying freedom of speech, of the press and religious freedom guaranteed under the Fourteenth Amendment, U.S.C.A.Const. amend. 14. The offense aimed at by the statute, in substance, has been included in the Connecticut laws since 1865. See: ch. 86 of the Public Acts of 1865; Revision of 1868, title 12, ch. 6, §§ 120, 123; Revision of 1875, title 20, ch. 6, § 10; Revision of 1887, § 1509; Revision of 1902, § 1284; Revision of 1918, § 6343.

Unless the circumstances warrant equitable relief, this court is not concerned with whether or not the defendants, who were accused of breaches of the statute, have been improperly convicted. Nor is it concerned with a possible misconstruction or misapplication of the statute. A court convened pursuant to § 266 of the Judicial Code, 28 U.S.C.A. § 380, has jurisdiction to consider suits in which an interlocutory judgment is sought to restrain, on constitutional grounds, the enforcement "of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such State."

But regard must be had in considering such an application under § 266 for the nature of the legislative action which is said to be unconstitutional and the function of the officers who the complainants ask to restrain.

The defendants herein are the City of Bristol, the Mayor, the Chief of Police and the Prosecuting Attorney for the city. They are local officers performing local functions in a matter of interest to the City of Bristol. They are, however, enforcing a state statute. In Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322, a suit was brought to restrain the district attorney of New York from instituting a criminal action under the laws of the state of New York. The statute was challenged as repugnant to the Fourteenth Amendment of the Constitution of the United States, U.S.C.A.Const. amend. 14. The court pointed out that there were two questions:—First, whether the district attorney was an officer with a state wide function to perform within the meaning of § 266 of the Judicial Code, and second, whether the complaint stated a cause of action within the equitable juris-

diction of the district court. It was held that the district attorney was a local officer but performing a state function in behalf of the people of the state in compelling observance of its laws, and, in that respect, he was acting in a true sense as a state officer, and the statutory court had jurisdiction. But the court held there was no equitable jurisdiction and therefore dismissed the bill. But see Ex parte Public National Bank, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202, where there was a suit to enjoin city officers from collecting taxes collected by a national bank, and it was held not to be within the jurisdiction conferred by § 266 because it was a purely local function. In the instant case this court, as so convened, has jurisdiction, since a matter of state interest is involved.

■ . However, equity will ordinarily not interfere to prevent the enforcement of a criminal action even though unconstitutional. To justify interference there must be circumstances presented showing clearly that an injunction is necessary in order to afford adequate protection. Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255; Packard v. Banton, 264 U.S. 140, 143, 44 S.Ct. 257, 258, 68 L.Ed. 596. In the instant case, if the statute is misapplied or in conflict with the Federal Constitution, these questions can be raised in the criminal prosecution trial where there is ample opportunity for a review of the federal questions presented. Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927. There are no allegations in the complaint which show that the defendants have threatened further or immediate prosecution if complainants re-visit the city to preach their doctrines or distribute their literature. It is not enough to say that a reasonable assumption may be indulged in that from past performances such prosecution would probably follow. There is no prosecution or threat of prosecution against the corporate complainant. The allegations of the affidavit are made as to the individual complainants but each has an adequate remedy at law in the trial of any criminal prosecutions that might be instituted in the state courts. If a federal question is presented, they may appeal to the Supreme Court of the United States. The only injury that can be found from this bill of complaint is that the complainants will not be free to go about the countryside pursuing their work of preaching their doctrine and distributing their literature. There is no irreparable damage which warrants equitable relief. Spielman Motor Sales Co. v. Dodge, supra; Fenner v. Boykin, supra.

■ The contention that an equity court has jurisdiction because the statute is null and void as abridging the freedom of speech, the press and religion or an unreasonable exercise of police power, are not supported by bill or affidavits. The general police powers are reserved to the states and the power to protect life and public safety, to preserve good order and the public morals, and to protect the property of its citizens, is within the limits of the states' dominion by any legislation appropriate to that end and which does not encroach upon the rights guaranteed by the Constitution. Whitney v. California, 274 U.S. 357, 47 S.Ct. 641, 71 L.Ed. 1095; Western Turf Ass'n v. Greenberg, 204 U.S. 359, 27 S.Ct. 384, 51 L.Ed. 520; Gibbons v. Ogden, 9 Wheat. 1, 22 U.S. 1, 6 L.Ed. 23.

Retention by the states of the police power necessary for their internal government has long been recognized. Passenger Cases, 7 How. 283, 48 U.S. 283, 424, 12 L.Ed. 702. Upon its proper exercise has depended the public health and morals. New Orleans Gas Co. v. Louisiana Light Co., 115 U.S. 650, 6 S.Ct. 252, 29 L.Ed. 516. In Whitney v. California, supra, the court pointed out that the "equal protection clause does not take from a State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary; and that one who assails the classification must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." (Page 646.)

■ We cannot say that the statute here in question is invalid on its face. It prohibits breaches of the peace or threats to another; or use of indecent language or gestures toward another; or to intimidate or threaten to commit a crime by any writing; or to write or print and publicly exhibit or distribute, or publicly exhibit, post up or advertise offensive, indecent or abusive matter concerning any person. Such prohibition cannot be regarded as an unreasonable exercise of the police powers

of the state and is not contrary to the Fourteenth Amendment.

No basis for equitable relief is established and the bill will be dismissed and a decree entered accordingly.

Decree for defendants.