**FINNISH WORKERS FEDERATION v. HORROCKS, Mayor of City of Aberdeen, Wash., et al.**

No. 122.

District Court, W. D. Washington, S. D.

Dec. 31, 1941.

John Caughlan, of Seattle, Wash., and Irvin Goodman, of Portland, Or., for plaintiff.

Lester T. Parker, of Aberdeen, Wash., for defendants.

BLACK, District Judge.

The plaintiff, an Illinois corporation, instituted action against the Mayor, Chief of Police and Assistant Chief of Police of the City of Aberdeen individually as well as in their official capacity to recover judgment for a total of $30,000 for alleged real and personal property damage caused by a mob. It is not alleged that these defendants took any part of the destruction of the property or that they were in any wise members of such mob. But it is alleged that the defendants knew prior to the date it is alleged the property damage was done of the existence of a conspiracy to wreck and destroy plaintiff's property and nevertheless neglected and refused to prevent the execution of such conspiracy.

This action would not lie against these defendants at common law under the opinion of the U. S. Supreme Court in South v. Maryland, 59 U.S. 396, 18 How. 396, 15 L.Ed. 433. Counsel for plaintiff so conceded in the oral argument but based plaintiff's right to maintain the action upon the provisions of Sections 47 and 48, Title 8, U.S.C.A., and upon the opinion of the Supreme Court in Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423. Sections 47 and 48 are a part of the Act of Congress known as the Civil Rights Act.

The defendants have moved to dismiss this action upon the ground that the complaint fails to state a claim upon which judgment could be rendered against the defendants or any of them. The defendants insistently urge that said §§ 47 and 48 do not grant to a corporation any right of action.

From a reading of Section 47, Title 8, U.S.C.A., it is clear that only the third subdivision of such Section relating to con-

spiracies for the purpose of depriving any person or class of persons of the equal protection of the law can possibly be applicable to the instant cause. Section 48 of the same Title provides that any person having a knowledge of any conspiracy mentioned in Section 47, and who neglects or refuses to aid in preventing the commission of the same, having power so to do, shall be liable "to the party injured" or his legal representatives for damages.

The case of Hague et al. v. Committee for Industrial Organization et al., 307 U.S. 496, 59 S.Ct. 954, 963, 83 L.Ed. 1423, decided June 5, 1939, seems to be controlling as to this cause. Counsel for plaintiff in oral argument stated that the complaint was drawn in the light of such decision and counsel for defendants in written brief also depend upon such recent decision of our highest court. In the Hague case, the respondents consisting of individual citizens and an unincorporated labor organization joined with a corporation in a suit in the U. S. District Court against the Mayor and certain other officials. The United States Supreme Court held that the corporation had no right to be a party to that action.

In the opinion of Justice Roberts it is said: "Natural persons, and they alone, are entitled to the privileges and immunities which Section 1 of the Fourteenth Amendment secures for 'citizens of the United States.' Only the individual respondents may, therefore, maintain this suit."

In the concurring opinion by Justice Stone it is said: "As to the American Civil Liberties Union, which is a corporation, it cannot be said to be deprived of the civil rights of freedom of speech and of assembly, for the liberty guaranteed by the due process clause is the liberty of natural, not artificial, persons. Northwestern Nat. Life Ins. Co. v. Riggs, 203 U.S. 243, 255, 27 S.Ct. 126, 129, 51 L.Ed. 168, 7 Ann.Cas. 1104; Western Turf Ass'n v. Greenberg, 204 U. S. 359, 363, 27 S.Ct. 384, 385, 51 L.Ed. 520."

In Western Turf Association v. Greenberg, 204 U.S. 359, 27 S.Ct. 384, 386, 51 L. Ed. 520, it is said: "for a corporation cannot be deemed a citizen within the meaning of the clause of the Constitution of the United States which protects the privileges and immunities of citizens of the United States against being abridged or impaired by the law of a state.

"The same observation may be made as to the contention that the statute deprives the defendant of its liberty without due process of law; for, the liberty guaranteed by the 14th Amendment against deprivation without due process of law is the liberty of natural, not artificial, persons. Northwestern Nat. Life Ins. Co. v. Riggs, 203 U.S. 243, 27 S.Ct. 126, 51 L.Ed. 168 [7 Ann.Cas. 1104]."

In Byrne v. Stanford, 159 Wash. 271, 292 P. 1014, 1016, the Supreme Court of the State of Washington referring to a traffic statute states: "The statute was not passed for the protection of one in the situation of the respondent at the time the accident happened, and therefore he cannot claim the benefit thereof."

In passing it may be mentioned that plaintiff has a contemporaneous suit for the same amount pending against persons whom it claims actually did the damage complained of. Plaintiff also desires to maintain this independent action against the Mayor, the Police Chief and his assistant for not preventing these other persons from causing such damage.

In the light of the decisions of our courts, the conclusion is inescapable that plaintiff being a corporation, cannot maintain this action against the defendant officials for failing to act.

The motion to dismiss must be granted. Presentation of order in conformity herewith is requested.