Joseph G. DAVIS, Jr., Administrator of
the Estate of Selcer R. Brock,
deceased, Plaintiff,

v.

Melvin CARABO and W. Lee Carabo,
Defendants.

Civ. A. No. 70–653.

United States District Court,
D. South Carolina,
Florence Division.

Oct. 30, 1970.

Eugene Huggins, Bennettsville, S. C.
and Saunders M. Bridges, Florence, S.
C., for plaintiff.

Alvin A. Coleman, Florence, S. C., for
defendants.

ORDER

DONALD RUSSELL, District Judge.

Jurisdiction in this action was predicated on diversity of citizenship of the parties. The action seeks recovery for the wrongful death of one Selcer R. Brock, a resident and citizen at the time of his death of Marlboro County, South Carolina.[1] The plaintiff, a resident and citizen of North Carolina, and unrelated to the deceased, is the administrator of the estate of the deceased Selcer R. Brock, under appointment of the Probate Court of Marlboro County. The beneficiaries of the action, as fixed by the enabling statute itself, are the widow and children of the deceased. The widow and most of the children live in Marlboro County, South Carolina. The defendants are residents and citizens of Marlboro County, South Carolina.

Lester v. McFaddon (4th Cir. 1969) 415 F.2d 1101, declares the character of the administrator in an action such as this to be that of a "straw-man", without any personal interest, and, as such, his citizenship should be disregarded in determining federal jurisdiction. It follows that, so far as the plaintiff's side of this controversy is concerned, diversity is determined by considering the citizenship of the beneficiaries. Since the bulk of the beneficiaries of the single cause of action are residents and citizens of South Carolina, there is not that diversity between all the plaintiffs, on the one hand, and the defendants, on the other, to support federal diversity jurisdiction. This action must, therefore, be dismissed as without the jurisdiction of this Court.

It might not be amiss to add that some of the children of the deceased are non-residents of South Carolina. Of course, had one of them been appointed

1. Under the terms of Section 10–1951, et seq., Code of Laws of South Carolina, 1962.

administrator, an entirely different question would be presented. In that case, the administrator would have a direct, financial interest, personal to him, in the action and it is questionable whether his citizenship would be disregarded for jurisdictional purposes. See Farrell v. Ducharme (D.C.Vt. 1970) 310 F.Supp. 254; Lester v. McFaddon, *supra*, at p. 1106, note 11; but cf., Butler v. Colfelt (D.C.Pa. 1970) 313 F.Supp. 527.

The defendants, through the inadvertence of their counsel, failed to appear in time and default was entered against them. The defendants have, also, moved to set aside such default under Rule 55 (c). In support of such motion, the affidavit of counsel was filed, explanatory of his inadvertence and mistake. The defendants, also, submitted convincing evidence to support their claim of a meritorious defense to the action. Since it was evident on the face of the record that there was no jurisdiction of the cause, as we have already seen, default should be vacated and the action dismissed. See Orange Theatre Corp. v. Rayherstz Amusement Corp. (3d Cir. 1944) 139 F.2d 871, 873, cert. denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; Ruddies v. Auburn Spark Plug Co. (D.C.N.Y. 1966) 261 F.Supp. 648, 657. Even were there jurisdiction, I should, in the exercise of the Court's discretion, under Rule 55(c), have granted the defendants' motion. As the Court remarked in Thorpe v. Thorpe (D.C.C.C.A. 1966) 124 U.S.App.D.C. 299, 364 F.2d 692, 694:

> "The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful."

This action is accordingly dismissed without prejudice. And it is so ordered.