**Anna Pearl HALE, Plaintiff,**

v.

**William Rogers McCALL, etc., Defendant.**

**No. CIV–2–76–55.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 28, 1976.

■

---

David S. Haynes, Bristol, Tenn., for plaintiff.

C. T. Herndon, III, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for damages for wrongful death. The plaintiff is a Tennessee citizen, the defendant is a Virginia citizen, and the jurisdictional amount is present.

The plaintiff is the personal representative of the estate of her late sister Ms. Rose Brummett, a Tennessee citizen, who was killed while riding as a guest passenger in a motor vehicle driven by Mr. Robert M. Miller, also a Tennessee citizen, which vehicle was in collision with a motor vehicle driven by the late Mr. Floyd L. Ferguson, likewise a Tennessee citizen, in Clairborne County, Tennessee on October 16, 1975. Describing

himself as "* * * a legal representative of a creditor of the estate of the late Rose Brummett * * *" and representing to the County Court of Clairborne County, Tennessee that a wrongful death action was sought to be filed by the plaintiff "* * * in the [c]ourts of Clairborne County, * *" the defendant applied for appointment as administrator of the estate of Mr. Ferguson and was appointed and qualified as such. His Virginia residence was not revealed to the appointing court.

An attorney for the plaintiff herein requested the defendant, also an attorney, to thus qualify. Such order of appointment was "approved for entry" by such attorney for the plaintiff and provided *inter alia* that the letters of administration issued to the defendant would be forwarded to the defendant "* * * in care of David S. Haynes, * * * Bristol, Tennessee, * * *" who is the aforementioned attorney for the plaintiff. Mr. Haynes and two of his law partners became surety on the defendant's administration bond.

This action was commenced on May 6, 1976. A default was entered against the defendant, Rule 55(a), Federal Rules of Civil Procedure. See entry of clerk herein of July 9, 1976. The plaintiff then applied to the Court for a judgment by default against the defendant, Rule 55(b)(2), Federal Rules of Civil Procedure. During the pendency of such application, the defendant first appeared herein and moved the Court to set aside such entry of default, Rule 56(c), Federal Rules of Civil Procedure.

The failure of the defendant to answer or otherwise plead herein in a timely manner remains unexplained. However, the defendant in his motion disputed the jurisdiction of this Court under the provisions of 28 U.S.C. § 1359.[1] The defendant also asserted therein that T.C.A. § 35–610[2] required

that a resident of Tennessee also be appointed a coadministrator with a nonresident administrator, and that diversity of citizenship between the plaintiff and both such administrators would not have been present herein had there been compliance with such statute.

Responding to the defendant's motion by brief, the plaintiff admitted that: "* * * The motive in seeking Federal jurisdiction in this case is to obtain an impartial forum. * * *"

 This is not a court of general jurisdiction; it has no jurisdiction except as prescribed by the Congress pursuant to the Constitution, Article III. *Graves v. Sneed,* C.A. 6th (1976), 541 F.2d 159, 161[2]. Therefore, in this action in which its jurisdiction is sought to be invoked on the basis of the diverse citizenship of the parties and the jurisdictional amount, 28 U.S.C. § 1332(a)(1), this Court must " "* * * scrupulously confine * * *" " its jurisdiction to the precise limits which the pertinent federal statutes have defined. *Victory Carriers v. Law* (1971), 404 U.S. 202, 212, 92 S.Ct. 418, 30 L.Ed.2d 383, 391[8]. This issue is determined by federal, not state, law. *Kramer v. Caribbean Mills* (1969), 394 U.S. 823, 829, 89 S.Ct. 1487, 23 L.Ed.2d 9, 14[5]. Through the enactment of 28 U.S.C. § 1359, the Congress included in the federal law a provision to prevent the "manufacture" of artificial federal diversity jurisdiction. *Ibid.,* 394 U.S. at 829, 23 L.Ed.2d at 14[3].

 This Court is obliged to notice its want of jurisdiction. *Buda v. Saxbe,* D.C. Tenn. (1975), 406 F.Supp. 399, 401[1]. Its examination of the appointment and qualification of the defendant as fiduciary of his decedent to ascertain whether it has jurisdiction herein does not constitute a collateral attack on that appointment and qualification, since the defendant will remain

---

1. "A district court shall *not* [emphasis supplied] have jurisdiction of a civil action in which any party * * * has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.

2. " * * * [N]o person not a resident of this state * * * shall be * * * allowed to

* * * act as * * * administrator * *, unless there be also appointed to serve with such nonresident fiduciary a person resident in this state or corporation authorized to do business in this state, and maintaining an office in this state. * * *" T.C.A. § 35–610.

thereafter in that capacity. *McSparran v. Weist,* C.A.3d (1968), 402 F.2d 867, 874.

 "* * * [A]ny appointment of an out-of-state administrator, which is nominal and 'without substance' and which, if given effect for jurisdictional purposes, has the effect of giving diversity to an action which does not 'really and substantially involve a dispute or controversy' between citizens of different states, is violative of the purposes of, and falls under the interdict of, [28 U.S.C.] Section 1359. [Footnote reference omitted.] * * *" *Bishop v. Hendricks,* C.A. 4th (1974), 495 F.2d 289, 294, certiorari denied (1974), 419 U.S. 1056, 95 S.Ct. 639, 42 L.Ed.2d 653. The appointment of the defendant as administrator of his decedent's estate appears facially to have been merely nominal and without substance. It was inspired by an attorney for the plaintiff, to convert this ostensible local state action into a federal action for the purpose of obtaining a trial in a different forum. If this Court entertained jurisdiction herein, thereby the plaintiff would be allowed to create artificially a diversity of citizenship in an action which does not really and substantially involve a case or controversy between a citizen of Tennessee and a citizen of Virginia. This Court has no jurisdiction under such circumstances. 28 U.S.C. § 1359.

 If this Court did not have jurisdiction when this action was commenced, it had no jurisdiction when a default was entered against the defendant. *Cf. Davis v. Carbo,* D.C.S.C. (1970), 50 F.R.D. 468, 469. Lack of jurisdiction provides a meritorious defense to the plaintiff's action and provides good cause for setting aside the entry of default. *Central Operating Co. v. Utility Workers of America,* C.A. 4th (1974), 491 F.2d 245, 252[10], (where relief was granted for such reason from a default judgment).

The plaintiff will not be prejudiced by a dismissal of this action in this Court, because time apparently remains for her to institute a new action in the appropriate state court, *cf. McSparran v. Weist, supra,* 402 F.2d at 877, now that she is on notice of the probable ultimate adjudication herein of this Court. However, before dismissing this action, the Court will accord the plaintiff a reasonable opportunity to establish her right to bring this action to this Court on the bases of genuine diversity of citizenship and the requisite jurisdictional amount. *Butler v. Colfelt,* C.A.3d (1971), 439 F.2d 882, 884[1]. If she feels she is in position to bear this burden,[3] she may apply for an evidentiary hearing on the issue; otherwise, she should take appropriate action forthwith, to the end that this action may be dismissed for want of jurisdiction in this Court.

---

**3.** Some of the factors to be considered in determining whether diversity of citizenship has been created artificially herein are to be found in *Groh v. Brooks,* C.A.3d (1970), 421 F.2d 589, at 595[4].