NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1137
_____

ANTHONY ADAMO;
MICHAEL GILL,
                        Appellants

v.

MICHAEL DILLON; JOSEPH MUSHALKO; WALTER REMMERT;
CORINNE SWEENEY; JOHN HANNUM; RAYMOND HAMM

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-10-cv-02382
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2013

Before: McKEE, *Chief Judge*, SMITH, and SLOVITER, *Circuit Judges*

(Filed: September 13, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge*.

On February 2, 2010, the Pennsylvania Horse Racing Commission ejected

Anthony Adamo and Michael Gill from the Penn National Race Course.  Adamo, a

race horse trainer, and Gill, a race horse owner, were both licensed by the

Commonwealth of Pennsylvania. The ejection notice advised that an appeal must be filed within 48 hours of receipt. Adamo challenged the ejection by filing a timely appeal with the Commission. The parties entered into discussions, and on March 5, 2010, Adamo's ejection was rescinded.

On June 28, 2010, the Commission issued a notice directing Adamo to personally appear within ten days for an investigative interview. On July 19, the Commission suspended Adamo's license for failure to appear for the interview. Adamo appealed the suspension to the Pennsylvania Commonwealth Court, which upheld the suspension.

Unlike Adamo, Gill did not file a timely appeal of the ejection. Instead, he filed a request more than two months later seeking either the termination of the ejection or a hearing. The Commission denied the request as untimely, noting that Gill had adequate notice of the appeal period and an opportunity to exercise his due process rights.

Thereafter, in November 2010, Adamo and Gill filed a complaint in the United States District Court for the Middle District of Pennsylvania, alleging that the three commissioners and three other individuals affiliated with the Commission (collectively, "the defendants") had violated their rights to equal protection and procedural due process under the Fourteenth Amendment to the United States Constitution. During a bench trial, the District Court granted defendants' motion

for judgment as a matter of law on the equal protection claims. After the close of Adamo's and Gill's cases–in–chief, the defendants asserted for the first time that they were entitled to qualified immunity.[1] After the conclusion of the trial, the District Court ordered briefing on whether the defendants had waived the affirmative defense of qualified immunity. The Court determined that neither Adamo nor Gill had been prejudiced by the untimely invocation of qualified immunity and that the defendants had not waived the defense. In addition, the Court granted judgment in favor of the defendants on Adamo's and Gill's claims that they were entitled to pre- and post-ejection hearings. It also concluded that Adamo's suspension did not violate his right to procedural due process. Although Adamo and Gill requested reconsideration, the motion was denied.

This timely appeal followed.[2] Adamo and Gill challenge the District Court's decision that the defendants had not waived the defense of qualified immunity and the Court's entry of judgment in favor of the defendants on the due process claims. We will affirm.

We review the District Court's decision regarding waiver of the defense of

---

[1] "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, __ U.S. __, 132 S. Ct. 2088, 2093 (2012).

[2] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

qualified immunity for an abuse of discretion. *Eddy v. V. I. Water and Power Auth.*, 256 F.3d 204, 209-10 (3d Cir. 2001). The District Court appropriately considered the factors we articulated in *Eddy* and did not abuse its discretion in concluding that the defense, though raised late in the proceedings, had not been waived.

Adamo and Gill contend that the District Court erred by concluding that the failure to provide a hearing before the ejection did not violate their rights to procedural due process. Instead of determining whether Adamo and Gill had proven a due process violation based on the lack of a pre-deprivation hearing, the Court considered whether the right to a pre-deprivation hearing was clearly established at the time of the ejection notice.[3]

In *Barry v. Barchi*, 443 U.S. 55 (1979), the Supreme Court considered whether a race horse trainer was entitled to a pre-deprivation hearing before the suspension of his license. The Court recognized the substantial interest that the trainer had in avoiding suspension, but it declared that the "State also has an important interest in assuring the integrity of the racing carried on under its auspices." *Id.* at 64. In light of the evidence that suggested a horse had been drugged, the Court held "the State was entitled to impose an interim suspension,

---

[3] We review the grant of qualified immunity, including the clearly established prong, "de novo as it raises a purely legal issue." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012).

4

pending a prompt judicial or administrative hearing[.]" *Id.*

Unlike *Barry*, which concerned the suspension of a license, this case concerned an ejection from one race track based on circumstances that pointed to a likely disruption in the orderly conduct of the horse races. Thus, *Barry* does not clearly establish that a pre-deprivation hearing was necessary on the facts presented in this case. Accordingly, we conclude that the District Court appropriately considered *Barry,* noted that the applicable regulations did not require a pre-deprivation hearing, cited to the testimony of record regarding both the prospect of a boycott by the jockeys if Adamo and Gill were present at the track and the need to act quickly to preserve the orderly conduct of a race meeting, and recognized that the regulations provided an appeal process by which the ejection could be challenged. Under these circumstances, we conclude that the District Court did not err in concluding that, at the time of the issuance of the ejection notice to Adamo and Gill, it was not clearly established that a pre-deprivation hearing was required.

Nor are we persuaded that the District Court erred in deciding that Adamo was not deprived of a prompt post-ejection hearing. The District Court found that Adamo filed a timely appeal, which prompted discussions that resulted in a rescission of the ejection. These findings of fact are not clearly erroneous. *See* Fed. R. Civ. P. 52(a)(6). Given the existence of the discussions following the

5

appeal, we do not believe that the District Court erred in rejecting Adamo's claim that he was deprived of a prompt post-deprivation hearing. The discussions and the rescission that followed confirm that Adamo had a meaningful opportunity to be heard. *See Barry*, 443 U.S. at 66 (reiterating that "opportunity to be heard must be 'at a meaningful time and in a meaningful manner'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))). Furthermore, as the District Court reasoned, it was not clearly established that the post-deprivation process had to be afforded in light of the discussions that ensued.

The due process claim based on the suspension of Adamo's license for failure to personally appear for the investigative interview is also without merit. We agree with the District Court that Adamo had sufficient notice and an opportunity to be heard.

Gill also asserts that the District Court erred by concluding that his procedural due process claim based on the lack of a post-deprivation hearing failed as a matter of law. We are not persuaded. "In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him . . . unless those processes are unavailable or patently inadequate. 'A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them.'" *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (quoting

6

*Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)). Here, the ejection notices advised that Adamo and Gill had a right to a hearing under Pennsylvania law, 58 Pa. Code § 165.231, and that they could file an appeal within forty-eight hours of receiving the notice of ejection. Yet Gill never availed himself of this opportunity. Thus, the Commission did not deprive him of due process as he had notice and an opportunity to be heard.

Finally, we conclude that the District Court did not err in dismissing any substantive due process claim by Adamo and Gill given the need for strong police regulation of horse racing, *see Hudson v. Tex. Racing Comm'n*, 455 F.3d 957, 600 (5th Cir. 2006) (citing *W. Turf Ass'n v. Greenberg*, 204 U.S. 359, 363-64 (1907)), and the circumstances in this case. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847-49 (1998) (holding that a substantive due process claim requires conduct that shocks the conscience).

For the reasons set forth above, we will affirm the judgment of the District Court.